# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, CHICAGO DIVISION

Bobby Banks )
    Chapter 13 Debtor ) Case 16-27263
)  Honorable Judge Schmetterer

BB

Bobby Banks
    Plaintiff

v.

Shapiro, Kriesman & Associates. LLC

CPCA-1

WILMINGTON SAVINGS FUND
SOCIETY, FSB dba as Christiana Trust
As Trustee of the Residential Credit
Opportunities Trust Series 2015-1

US BANK NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE, ON BEHALF
OF THE HOLDERS OF CASTLE PEAK
2011-1, LOAN TRUST, MORTGAGE
BACKED NOTES, SERIES 2011-1
    Defendants
)
)
)

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
NOV 15 2016
JEFFREY P. ALLSTEADT, CLERK

## ADVERSARY PROCEEDING AND COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF

### JURISDICTIONAL STATEMENT

This court has jurisdiction under Federal Rule of Bankruptcy Procedure 7001 (b, g and i)

### PARTIES

Plaintiff Bobby Banks is a resident of the State of Illinois

Defendant US BANK is a foreign corporation doing business in the State of Illinois.

Defendant Shapiro, Kriesman & Associates. LLC

1

is a law firm in the State of Illinois engaged in the business of debt collection.

Defendant CPCA Trust 1 BY SELECT PORTFOLIO SERVICING S a foreign corporation doing business in the State of Illinois.

Defendant WILMINGTON SAVINGS FUND SOCIETY, FSB dba as Christiana Trust As Trustee of the Residential Credit Opportunities Trust Series 2015-1 is a foreign corporation doing business in the State of Illinois.

Defendant US BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, ON BEHALF OF THE HOLDERS OF CASTLE PEAK 2011-1, LOAN TRUST, MORTGAGE BACKED NOTES, SERIES 2011-1

## INTRODUCTION

Plaintiff Bobby Banks is the owner of a the property that is the subject of this complaint located at 4617 W. 203rd st. Matteson, Illinois 60443. Plaintiff is suing the defendants for fraudulent interference with his property rights and the subsequent torts that has been committed against his property and his person by the defendants who are claiming to have the right to collect mortgage payments and foreclose.

**FACTS COMMON TO ALL ALLEGATIONS**

1. Plaintiff Banks and his now deceased wife purchased the property located at 4617 W. 203rd st. Matteson, Illinois 60443 in April of 2006.
2. Plaintiff put down the amount of $14,000 as a down payment.
3. The mortgage was an adjustable rate of 8.99 per cent
4. The currents rates for mortgages in April of 2006 were around 6.1 per cent.
5. The PITI (Principal, Interest, Taxes and Insurance was $2337.00
6. In addition Mr. and Ms. Banks had to take out an additional second mortgage to close on the property of $73,000.00
7. Their total monthly housing expense for the two notes with insurance and property taxes were around $2700.
8. Both notes went from GSF Mortgage to MERS
9. Plaintiff Bobby and his wife were both State of Illinois licensed real estate agents.
10. The market in the area plaintiff and his wife were working took a severe turn for the worse toward the end of the year.
11. Plaintiff and his wife sole income was from the sale of real estate.

12. At the time of the purchase plaintiff was promised that in six months he would be able to refinance at a lower more affordable rate.
13. In 2008 Homecoming Financial filed a foreclosure against plaintiff.
14. Plaintiff applied for a modification.
15. Homecomings Financial required $10,000.00 upfront to approve a modification.
16. Plaintiff raised the $10,000.00 and paid Homecomings Financial.
17. The modification payments were lower, but did not include property taxes.
18. By this time in 2008, the entire nationwide real estate market had crashed.
19. Plaintiff was unable to afford the modification payments
20. CPCA Trust an alleged new owner of plaintiff's mortgage filed a foreclosure against plaintiff in January 2011.
21. Plaintiff disputed the validity of CPCA Trust as holder of his mortgage.
22. On January31, 2011 Defendant CPCA Trust 1 commence this action against Banks.
23. ON February 11, 2014 Defendant CPCA Trust 1 filed its Second Amended Complaint in the Cook County Court.
24. Prior to such time Defendant CPCA Trust 1 filed its Amended Complaint, pursuant to plaintiff Banks first motion to dismiss.
25. On July 2nd, 2014 Defendant CPCA Trust 1 filed a motion to substitute party plaintiff.
26. On October 8th, 2011 Defendant U.S. Bank was substituted in as party plaintiff for: CPCA Trust1.
27. On or around May 1st, 2011 plaintiffs loan was modified.
28. The modification list Homecomings Financial, LLC as the Lender
29. The modification provided Banks to make monthly mortgage payments in the amount of $2,537.00
30. At the time of the modification plaintiff annual income was $25,000, which surmounts to a monthly income of $2,083.
31. Under the terms of the modification, the monthly mortgage payment would be greater than the plaintiffs income.
32. As such, plaintiff requested a more reasonable modification of the loan which has not occurred to date.
33. While going through the loan modification process plaintiff never received a notice of default/
34. Plaintiff was unaware that the loan was accelerated.
35. Banks never received a grace period notice.

LEGAL CLAIMS

COUNT ONE    -    FAIR DEBT COLLECTIONS PRACTICES ACT VIOLATION

16. Plaintiff incorporates and re-alleges paragraphs 1- above.

17. 15 U.S.C. § 1692f in pertinent part provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

18. Defendants CPCA-1 Trust, US BANK NATIONAL ASSN, WILMINGTON SAVINGS FUND BANK, violated 15 U.S.C. §§ 1692f, f(1).

## COUNT II
## FDCPA § 1692e(2)(A)

19. Plaintiff incorporates paragraphs 1-20 above.

20. 15 U.S.C. §1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and sets forth activities that violate this section, including 15 U. S.C. § 1 692e(2).

21. 15 U.S.C. § 1 692e(2) provides in pertinent part that a debt collector violates this section with the following activity:

> The false representation of—
>
> > (A) the character, amount, or legal status of any debt

24. The claim in the foreclosure action against plaintiff that Defendants' client was assigned the debt was a false representation of the character, amount, or legal status of the debt.

25. This claim was filed by Defendant Shapiro Kriesman LLC

26. Defendants violated 15 U.S.C. §1692e(2)(A).

## COUNT III
## FDCPA § 1692e(5)

27. Plaintiff incorporates paragraphs 1-26 above.

28. 15 U.S.C. §1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and sets forth activities that violate this section, including 15 U.S.C. § 1 692e(2).

29. 15 U. S.C. § 1 692e(5) provides in pertinent part that a debt collector violates this section with the following activity:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

30. Defendants CPCA 1 Trust, US BANK NATIONAL ASSN, and Law Offices of SHAPIRO KRIESMAN LLC threatened and took and action that could not legally be taken when it filed the foreclosure prior to the mortgage and note being assigned to their client.

31. Defendants violated 15 U.S.C. §1692e(5).

WHERFORE, Plaintiff Bobby Banks requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendants CCPA-1 Trust, US BANK NATIONAL ASSN, WILMINGTON SAVINGS FUND BANK for :

COUNT FOUR -   SLANDER OF TITLE

32. On _____2016    CPCA1 Trust filed a foreclosure against plaintiff Bobby Banks and family.

33. At the time of the filing of the foreclosure, CPCA did not possess ownership of plaintiffs note, nor were they a holder.

34. A Mortgage Electronic Registration Systems, Inc. website run on July 27, 2012 does show that this CPCA TRUST 1 is the note owner.

35. There is no assignment to the CPCA TRUST 1.

36. The alleged original Mortgage is between GSF Mortgage, and MERS as a nominee of GSF Mortgage recorded as Cook County Instrument No. 0610240259 dated April 12, 2006.

37. The March 28, 2008 an assignment is recorded as Cook County Instrument No. 0708743039 which purports to assign the Mortgage to U S Bank, NA as Trustee. Exhibit A.

38. The assignment Indicates that US Bank, NA as Trustee is the beneficial owner

39. It is notarized in the County of Hennepin Minnesota.

40. MERS is not located in Minnesota.

41. Another assignment was created on December 2, 2011 and recorded as Cook County Instrument No. 1133622001. Exhibit B.

42. Such assignment purports to transfer from CPCA Trust 1 to US Bank as Trustee of The Castlepeak 2011-1 loan Trust.

43. The Claim is brought by the CPCA TRUST 1 stating it is a holder in due course or it is the owner.

44. The land title records show the owner to be US Bank as Trustee of ...Castle Peak 2011-1 Loan Trust.

45. CPCA did not attach any documents to the foreclosure Complaint that would establish the chain of title of the Mortgage Instrument and/or the Note Instrument.

46. There is no assignment to the CPCA TRUST 1 however there is an assignment from the Trust.

47. This would appear to break the chain of title and <u>make the note unsecured</u>.

48. Plaintiff was never noticed of change of ownership of the note required by 15 U.S.C. § 1641(g).

49. A holder of an original note endorsed in blank acquires a note without notice of defects, they may claim holder status.

50. However that simply is not the case here.

51. The default on the complaint was noticed as October 2008.

52. This defect covers the second assignment to US Bank as Trustee of the Castle Peak 2011 Trust.

53. CPCA-1 is not a holder in due course.

54. Illinois version of the Uniform Commercial Code ("UCC") § 3301 limits a negotiable instrument's enforcement to the following:

---

[1] 15 U.S.C. 1641 (g) requires that the new beneficial owner of the note notice the borrower within 30 days of acquiring such an interest. It must include contact information for the new owner. The failure to do so results in Truth and Lending Violations such as damages or/and , attorney fees, and statutory damages.

---

(810 ILCS 5/3-301) (from Ch. 26, par. 3-301)
   Sec. 3-301. Person entitled to enforce instrument. "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a non-holder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3-309 or 3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

55. The complaint states [without supporting documents] that CPCA TRUST 1 is a holder in due course.

56. To be a holder in due course, **the holder must have taken the note without notice of the defects**.
57. If the note is in fact negotiable [and it may be non negotiable] then determination must be made on the holder status.
58. That is if there is not a broken chain of endorsements.
59. If the owner tries to repair or fabricate the chain by creating a new endorsement.
60. There must be a valid note.
61. However the note must be produced and the documents to support such transactions produced.
62. Further, UCC § 3-303 states that <u>one must have given value</u> for the instrument.
63. Further there must be determination <u>when the value was given</u>.
64. Then there is the Good Faith Requirement.
65. Good faith is "honest in fact and the observance of reasonable commercial standards of fair dealing."
66. UCC §3-103(a)(4). See <u>Stone v. Mehlberg</u>, 728F.Supp. 1341 (W.D. Michigan 1990)(finding that an assignee lacked good faith because they failed to inquire when the documents they received indicated that problems might exist in the underlying loan transaction.)

67. To be a holder in due course, the holder must have taken the note without the notice of the flaws listed in UCC § 3-302(a)(2), such as notice that the note was overdue, in default, contains unauthorized signature, or the borrower has certain defenses or claims in recoupment.
68. Here the record supports that the last assignment had notice of the defects.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment in favor of plaintiff declaring the liens and assignments of all defendants against plaintiff's invalid.

COUNT FIVE -   DECLARATORY AND INJUNCTIVE RELIEF

69. Plaintiff re-states and incorporates the following sections herein:

70. Defendant failed to comply with several condition precedents

71. Defendants and its predecessor knowing it has failed to comply with required condition precedents not only commence this action but continues in this action.

72. For reasons previously stated herein Defendant has ignore the above condition precedents to the detriment of plaintiff an in addition has breached HAMP and the Mortgage

73. Therefor plaintiff is being illegally and improperly subjected to foreclosure in which plaintiffs credit is being slandered and negatively affected by plaintiff, all of which constitutes irreparable harm to plaintiff for the purpose of injunctive relief.
WHERE FORE, Plaintiff requests that this Court find Defendants have failed to abide by the required condition precedents prior the commenced and that the party commencing this action lacked standing.

COUNT SIX - VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (IFCA) BRACH OF MORTGAGE, HAMP and Condition Precedents.

74. Plaintiff re-states and incorporates the above paragraphs

75. The Illinois Consumer Fraud and Deceptive Business Practices Act (IFCA) prohibit fraudulent, deception, misrepresentation, concealment, and suppression of any material fact during the conduct of trade or commerce . 810 ILCS 505/1-505/12.

76. The ICFA is the Illinois Unfair and Deceptive Acts and Practices (UDAP) STATUTE.

77. The ICFA is the Illinois Unfair and Deceptive Acts and Practices (UDAP) statute.

78. Unfair or deceptive acts and practices, including but not limited to, deception, fraud, false pretense, false promise and misrepresentations, of any material fact with the intent that others rely upon the deception of such material fact is unlawful regardless of whether or not any person has in fact been misled, deceived, or damage thereby.
79. Plaintiff and its predecessor breached HAMP and failed to comply with required condition precedents.
80. In addition, this action was commenced by a party who lacked standing at the commencement of this action.
81. It was intended for the state chancery court to rely upon Defendants deceptive representations that defendants had complied with required condition precedents and that CPCA Trust 1 was a property party to commence this action for the purpose of Defendants securing a foreclosure judgment and moving to foreclose upon the property.
82. It was further indented for plaintiff to rely upon defendants deceptive acts in the modification review process.
83. Defendants representation and statements were material to plaintiff.

84. Defendant has intentionally mislead and deceived plaintiff.

85. Plaintiff had no means of determining these statements were false until this action has continue to no avail.
86. Plaintiff has been harmed thereby by being paced in a worst condition financially and emotionally.
87. Defendant is thereby liable to plaintiff for defendants misrepresentations to both plaintiff and the chancery court.
88. Plaintiff is liable for actual damages, punitive damages, equitable relief, attorney fees, and litigation costs. 815 ILCS 505/10a.
WHEREFORE, Plaintiff respectfully pray that this Honorable Court award them actual damages, punitive damages, equitable relief, and a reasonable attorney fees, litigation expense, and cost of suit for defendants of the ICFA, as well any other relief this Court deems just.

COUNT SEVEN -COMMON LAW FRAUD

89. Plaintiff re-states and incorporates the above paragraphs.
90. For reasons previously stated herein Defendant committed common law fraud by failure to 1) abide by condition precedents: 2)breach of Mortgage 3) Breach of HAMP. 4 ) the commencement of the foreclosure action by one without standing:
91. Defendant knew of its duty and obligation to abide by required condition precedents.

92. Plaintiff and its predecessor knew it did not comply with required condition precedents yet proceeded in the foreclosure action, especially when the originating plaintiff lacked standing: making intentional misrepresentations to plaintiff.

93. Plaintiff as a consumer and with unequal bargaining powers in comparison, had the right to rely upon the false statements and misrepresentations mention herein.

94. Plaintiff relied upon said statements and misrepresentation to his detriment

95. The false statements and misrepresentation were made to induce the foreclosure to act and proceed in the foreclosure action.

96. Plaintiff has been harmed thereby by being placed in a worst financial positon: by incurring immense emotional stress, and by being subjected to this foreclosure proceeding and the possible loss of the proceedings

97. Such actions amount to consumer fraud

WHEREFORE, Plaintiff respectfully pray that this Honorable Court award them actual damages, punitive damage, and equitable relief pursuant to defendant's common law fraud, as well as litigation costs and attorney fees and any other relief this Court deems meet and just.

COUNT EIGHT  -   BREACH OF CONTRACT

98. Plaintiffs re-states and incorporates above paragraphs.

99. Parties to a contract have an implied duty to uphold that contract and honor their obligations thereof, which consist of an implied duty of good faith and fair dealings. Hill v. St. Paul Federal Bank. 329 Ill.App.3d 705. 710 (1st Dist. 2002)

100. Frustrating a borrower's ability to perform may be a breach of contract and a breach of one's contractual duty of good faith and fair dealing.

101. Defendant breached the Mortgage, HAMP, and failed to comply with other condition precedents prior to the commencement of the foreclosure action.

102. Defendant's breach has caused financial and emotional injury to plaintiff and has frustrated their ability to modify the loan with the property party, once determined and resolve this dispute.

103. Defendant is therefore liable to plaintiff for actual damages.

*Bobby Banks*

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Bobby Charles Banks | **DEFENDANTS** Wilmington Savings Fund Society, US BANK, CPCA, Shapiro Kiesman + Assoc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Bobby Charles Banks (Pro Se) 4617 W. 203rd St., Matteson, IL 60443 (708) 747-4696 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Consumer fraud, Deceptive business practices, Gross Neglience, Unjust Enrichments,

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☒ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED NOV 15 2016 JEFFREY P. ALLSTEADT, CLERK UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |